## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GAUDALUPE CANO, individually as a representative of a class of participants and beneficiaries on behalf of The Home Depot FutureBuilder Plan,<br><br>     *Plaintiff,*<br>   v.<br><br>THE HOME DEPOT, INC.; THE ADMINISTRATIVE COMMITTEE OF THE HOME DEPOT FUTUREBUILDER; and DOES 1 to 10 inclusive,<br><br>     *Defendants.* | Case No.<br><br><br><br><br><br>**Complaint – Class Action** |

## CLASS ACTION COMPLAINT

1.    Plaintiff Gaudalupe Cano ("Plaintiff"), a participant in the Home Depot FutureBuilder Plan ("Plan" or "Home Depot Plan"), brings this Employee Retirement Income Security Act ("ERISA") action on behalf of the Plan under 29 U.S.C. §§ 1132(a)(2) and (3), and under Rule 23 of the Federal Rules of Civil Procedure as a representative of a class of participants and beneficiaries of the Plan, against Defendants The Home Depot, Inc. and the Administrative Committee of The Home Depot FutureBuilder, and its

1

members (collectively, "Home Depot" or "Defendants") for (1) breach of ERISA's fiduciary duties, (2) violation of ERISA's anti-inurement provision, and (3) engaging in self-dealing and transactions prohibited by ERISA.

## JURISDICTION AND VENUE

2.     This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because this is an action under 29 U.S.C. §§ 1132(a)(2), (a)(3) for which federal district courts have exclusive jurisdiction under 29 U.S.C. § 1132(e)(1).

3.     This district is the proper venue for this action under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred here.

## PARTIES

4.     The Home Depot Plan is a defined contribution, individual account, employee pension benefit plan under 29 U.S.C. § 1002(2)(A) and § 1002(34) and is subject to the provisions of ERISA pursuant to 29 U.S.C. § 1003(a).

5.     Defendant The Home Depot, Inc. is an American multinational home improvement retail corporation that sells tools, construction products, appliances, and services with offices in Atlanta, Georgia. Home Depot is the Plan sponsor under 29 U.S.C. § 1002(16)(B) and one of the Plan's fiduciaries.

6.     The Administrative Committee of The Home Depot FutureBuilder, is the Plan administrator under 29 U.S.C. § 1002(16)(A) with broad authority over the administration and management of the Plan and its assets.

7.     Home Depot is a fiduciary of the Plan within the meaning of 29 U.S.C. § 1002(21)(A) because they exercised authority and control respecting the management and disposition of Plan assets and discretionary responsibility in the administration of the Plan with respect to the matters alleged herein.

8.     Plaintiff is a resident of Illinois, was employed by Home Depot in Juliett, Illinois, and is a participant in the Home Depot Plan whose account has been charged with a share of the Plan's administrative expenses.

9.     The defendants sued by the fictitious names DOES 1 through 10, inclusive, are Plan fiduciaries unknown to Plaintiff who exercise or exercised discretionary authority or discretionary control respecting the management of the Plan, exercise or exercised authority or control respecting the management or disposition of its assets, or have or had discretionary authority or discretionary responsibility in the administration of the Plan and are responsible or liable in some manner for the conduct alleged in the complaint. Plaintiff will amend this complaint to allege the true names and capacities of

such fictitiously named defendants when they are ascertained. Defendants Home Depot and DOES 1 through 10 are referred to as "Defendants."

## FACTUAL ALLEGATIONS

10.    In accordance with 29 U.S.C. § 1103(a), the assets of the Home Depot Plan are held in a trust fund.

11.    The Plan is funded by a combination of wage withholdings by Plan participants and Company contributions that are deposited into the Plan's trust fund. Upon their deposit into the Plan's trust fund, all participant contributions and Company contributions become assets of the Plan.

12.    As an individual account, defined contribution retirement plan, the Home Depot Plan "provides for an individual account for each participant and for benefits solely upon the amount contributed to the participant's account, and any income, expenses, gains and losses, and any forfeiture of accounts of other participants which may be allocated to such participant's account." 29 U.S.C. § 1002(34).

13.    Plan participants pay for the Plan's administrative expenses through a direct charge to their accounts.

14.    The deduction of these administrative expenses from participant accounts reduces the funds available to participants for distribution and/or investing.

15.     Participants in the Home Depot Plan are immediately vested in their own contributions and earnings thereon. A participant is cliff vested 100% in the Company's matching contributions after three years of vesting service.

16.     When a participant has the requisite number of breaks in service prior to full vesting of the Company's contributions, the unvested contributions are forfeited and Defendants exercise discretionary authority and control over how these Plan assets are thereafter reallocated.

17.     "Nonvested contributions fall within the functional definition of assets of the pension plan." *Perez-Cruet, v. Qualcomm Inc.*, No. 23-CV-1890-BEN (MMP), 2024 WL 2702207, at *6 (S.D. Cal. May 24, 2024)

18.     ERISA requires Defendants to defray the Plan's expenses, see 29 U.S.C. § 1104(a)(1)(A)(ii). "[T]he employer has the express duty under § 1104(a)(1)(A)(ii) of 'defraying reasonable expenses of administering the plan.'" *Perez-Cruet, v. Qualcomm Inc.*, 2024 WL 2702207, at *2 (*quoting Santomenno v. Transamerica Life Ins. Co.*, 883 F.3d 833, 837 (9th Cir. 2018)).

19.     In spite of ERISA's requirements, throughout the Class Period Defendants have consistently failed to use the forfeited funds to pay Plan administrative expenses, and thereby reduce or eliminate the amounts charged to the participants' individual accounts to cover such expenses.

20.     Instead, Defendants have consistently utilized the forfeited funds in the Plan exclusively for the Company's own benefit, to the detriment of the Plan and its participants, by using these Plan assets solely to reduce Company contributions to the Plan.

21.     Using the forfeitures to "reduce employer contributions" is always in the best interest of Home Depot because that option would decrease the Company's own contribution costs.

22.     Absent a risk that Home Depot would be unable to satisfy its contribution obligations under the Plan, using forfeitures to pay Plan expenses would be in the participants' best interest because that option would reduce or eliminate amounts otherwise charged to their accounts to cover such expenses.

23.     In deciding between using the forfeiture to benefit Home Depot or using the forfeitures to benefit the participants, Defendants are presented with a conflict of interest in administering the Plan and managing and disposing of its assets.

24.     Despite the conflict of interest presented by this decision, Defendants failed to undertake any investigation into which option was in the best interest of the Plan's participants and beneficiaries.

25.     Defendants did not, for example, investigate whether there was a risk that Home Depot would default on its matching contribution obligation if

forfeitures were used to pay Plan expenses, or evaluate whether there were sufficient forfeitures to eliminate the Plan expenses charged to participants and still offset a portion of Home Depot's own contribution obligations, as a prudent person would have done.

26.     Defendants also failed to consult with an independent non-conflicted decisionmaker to advise them in deciding upon the best course of action for allocating the forfeitures in the Plan, as a prudent person would have done.

27.     Although ERISA requires Defendants to defray the Plan's expenses, *see* 29 U.S.C. § 1104(a)(1)(A)(ii), and although the Home Depot Plan permits Defendants to use the forfeited funds to pay Plan expenses, throughout the class period Defendants consistently and reflexively declined to use any forfeited funds for that purpose

28.     In 2018, Company contributions to the Plan were reduced by approximately $3,910,284 as a result of Defendants' reallocation of forfeited funds for the Company's own benefit, and no forfeited funds were used to pay any part of the Plan's administrative expenses, including include legal, accounting, recordkeeping and other administrative fees, charged to participants and/or the Plan. For instance, the Plan paid fees to The Northern Trust Company of $737,676 for the year ended December 31, 2018.

29.    In 2019, Company contributions to the Plan were reduced by approximately $4,201,999 million as a result of Defendants' reallocation of forfeited funds for the Company's own benefit, and no forfeited funds were used to pay any part of the Plan's administrative expenses, including include legal, accounting, recordkeeping and other administrative fees, charged to participants and/or the Plan. For instance, the Plan paid fees to The Northern Trust Company of $581,984 for the year ended December 31, 2019.

30.    In 2020, Company contributions to the Plan were reduced by approximately $4,641,500.00 million as a result of Defendants' reallocation of forfeited funds for the Company's own benefit, and no forfeited funds were used to pay any part of the Plan's administrative expenses, including include legal, accounting, recordkeeping and other administrative fees, charged to participants and/or the Plan. For instance, the Plan paid fees to The Northern Trust Company of $1,203,531 for the year ended December 31, 2020.

31.    In 2021, Company contributions to the Plan were reduced by approximately $7.3 million as a result of Defendants' reallocation of forfeited funds for the Company's own benefit, and no forfeited funds were used to pay any part of the Plan's administrative expenses, including include legal, accounting, recordkeeping and other administrative fees, charged to

participants and/or the Plan. For instance, the Plan paid fees to The Northern Trust Company of $800,000 for the year ended December 31, 2021.

32.     In 2022, Company contributions to the Plan were reduced by approximately $5.6 million as a result of Defendants' reallocation of forfeited funds for the Company's own benefit, and no forfeited funds were used to pay any part of the Plan's administrative expenses, including include legal, accounting, recordkeeping and other administrative fees, charged to participants and/or the Plan.

33.     While Defendants' reallocation of the forfeitures in the Plan's trust fund to reduce its contributions benefitted the Company by reducing its own contribution expenses, it harmed the Plan, along with its participants and beneficiaries, by reducing Company contributions that would otherwise have increased Plan assets and by causing participants to incur deductions from their individual accounts to cover administrative expenses that would otherwise have been covered in whole or in part by utilizing forfeited funds. *See Perez-Cruet, v. Qualcomm Inc., et al.*, No. 23-CV-1890-BEN (MMP), 2024 WL 2702207 (denying defendant's motion to dismiss identical causes of action to the instant litigation where the defendants failed to use forfeited Plan contributions towards defraying administrative expenses of the plan).

34.     Further, Defendant has engaged in a completed prohibited deal under § 1106(b) by dealing with nonvested contribution money in such a way that it benefitted Defendant's own interest or for its own account. *Id.* ("by dealing with the nonvested contribution money in such a way that that it benefitted Qualcomm's own interest or for its own account," Defendant has engaged in a completed prohibited deal under § 1106(b).")

## CLASS ACTION ALLEGATIONS

35.     29 U.S.C. § 1132(a)(2) authorizes any participant or beneficiary of the Plan to bring an action individually on behalf of the Plan to enforce a breaching fiduciary's liability to the Plan under 29 U.S.C. § 1109(a).

36.     In acting in this representative capacity and to enhance the due process protections of unnamed participants and beneficiaries of the Plan, as an alternative to direct individual actions on behalf of the Plan under 29 U.S.C. § 1132(a)(2), Plaintiff seeks to certify this action as a class action on behalf of all Home Depot Plan participants and beneficiaries. Plaintiff seeks to certify the following class:

> All participants and beneficiaries of the Home Depot Plan from August 26, 2018 through the date of judgment, excluding Defendants.

37.     This action meets the requirements of Rule 23 and is certifiable as a class action for the following reasons:

a.     The class includes over 225,000 members and is so large that joinder of all its members is impracticable.

b.     There are questions of law and fact common to the class because Defendants owed fiduciary duties to the Plan and to all participants and beneficiaries and took the actions alleged herein as to the Plan and not as to any individual participant. Thus, common questions of law and fact include the following, without limitation: Whether the fiduciaries of the Plan breached their fiduciary duties to the Plan with respect to their management and allocation of Plan assets? Whether fiduciaries of the Plan engaged in prohibited transactions with Plan assets? Whether fiduciaries of the Plan violated the anti-inurement provision of ERISA by using Plan assets for their own benefit? What are the losses to the Plan resulting from each alleged breach of ERISA? What Plan wide equitable and other relief should the Court impose to remedy Defendants' alleged breaches?

c.     Plaintiff's claims are typical of the claims of the class because Plaintiff was a participant of the Plan during the Class Period and all participants in the Plan were harmed by the same alleged misconduct by Defendants.

d.     Plaintiff is an adequate representative of the class because she was a participant of the plan during the class period, has no interests that conflict

with any other members of the class, is committed to the vigorous representation of the class, and has engaged experienced and competent attorneys to represent the class.

e.      Prosecution of separate actions for these breaches of fiduciary duties and prohibited transactions by individual participants and beneficiaries would create the risk of (A) inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their discharge of their fiduciary duties to the Plan and personal liability to the Plan under 29 U.S.C. § 1109(a), and (B) adjudications by individual participants and beneficiaries regarding these breaches of fiduciary duties, prohibited transactions, and remedies for the Plan would, as a practical matter, be dispositive of the interests of the participants and beneficiaries not parties to the adjudication or would substantially impair or impede those participants' and beneficiaries' ability to protect their interests. Therefore, this action should be certified as a class action under Rule 23(b)(1)(A) or (B).

38.     A class action is the superior method for the fair and efficient adjudication of this controversy because joinder of all participants and beneficiaries is impracticable, the losses suffered by individual participants and beneficiaries may be small and impracticable for individual members to enforce their rights through individual actions, and the common questions of

law and fact predominate over individual questions. Given the nature of the allegations, no class member has an interest in individually controlling the prosecution of this matter, and Plaintiff is aware of no difficulties likely to be encountered in the management of this matter as a class action. Alternatively, then, this action may be certified as a class under Rule 23(b)(3) if it is not certified under Rule 23(b)(1)(A) or (B).

39.     Plaintiff's counsel, Edelson Lechtzin LLP, will fairly and adequately represent the interests of the Class and is best able to represent the interests of the class under Rule 23(g).

## **FIRST CLAIM**

### **BREACH OF FIDUCIARY DUTY OF LOYALTY**
### **29 U.S.C. § 1104(a)(1)(A)**

40.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

41.     Pursuant to 29 U.S.C. § 1104(a)(1)(A), Defendants were required to discharge their duties to the Home Depot Plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."

42.     Defendants have continually breached this duty of loyalty with respect to their control and management of the Plan's assets throughout the class period by utilizing forfeited funds in the Plan for the benefit of the Company rather than solely in the interest of the participants and beneficiaries.

43.     Instead of acting solely in the interest of Plan participants by utilizing forfeited funds in the Plan to reduce or eliminate the administrative expenses charged to their individual accounts, Defendants used these Plan assets for the purpose of reducing its own contributions to the Plan, thereby saving the Company millions of dollars each year at the expense of the Plan which received decreased Company contributions and its participants and beneficiaries who were forced to incur avoidable expense deductions to their individual accounts.

44.     As a direct and proximate result of Defendants' fiduciary breaches described herein, the Plan suffered injury and loss for which they are personally liable and are subject to appropriate equitable relief, pursuant to 29 U.S.C. § 1109, including, without limitation, the disgorgement of all ill-gotten profits to Defendants resulting from the breach of their duty of loyalty.

45.     Each Defendant knowingly participated in the breach of the other Defendants, knowing that such acts were a breach, enabled other Defendants

to commit a breach by failing to lawfully discharge its own fiduciary duties, knew of the breach by the other Defendants and failed to make any reasonable effort under the circumstances to remedy the breach. Thus, each Defendant is liable for the losses caused by the breach of its co-fiduciary under 29 U.S.C. § 1105(a).

## SECOND CLAIM

## BREACH OF FIDUCIARY DUTY OF PRUDENCE
### 29 U.S.C. § 1104(a)(1)(B)

46.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

47.     Pursuant to 29 U.S.C. § 1104(a)(1)(B), Defendants were required to discharge their duties with respect to the Home Depot Plan "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."

48.     Defendants have continuously breached their duty of prudence under 29 U.S.C. § 1104(a)(1)(B) throughout the class period by failing to use the forfeited funds in the plan to eliminate or reduce the administrative expenses charged to participant accounts and instead using such Plan assets to reduce the Company's own contributions to the Plan.

49.     Defendants failed to engage in a reasoned and impartial decision-making process to determine that using the forfeited funds in the Plan to reduce the Company's own contribution expenses, as opposed to the administrative expenses charged to participant accounts, was in the best interest of the Plan's participants or was prudent, and failed to consider whether participants would be better served by another use of these Plan assets after considering all relevant factors.

50.     By failing to use forfeited funds in the Plan to eliminate or reduce the administrative expenses charged to participant accounts, and instead using such Plan assets to reduce the Company's own contribution expenses, Defendants caused the Plan to receive fewer contributions that would otherwise have increased Plan assets and caused participants to incur expense deductions from their individual accounts that would otherwise have been covered in whole or in part by utilizing the forfeited funds to pay Plan expenses.

51.     As a direct and proximate result of Defendants' fiduciary breaches, the Plan suffered injury and loss for which Defendants are personally liable and are subject to appropriate equitable relief, pursuant to 29 U.S.C. § 1109, including, without limitation, the disgorgement of all ill-gotten profits to Defendants resulting from the breach of their duties.

52.    Each Defendant knowingly participated in the breach of the other Defendants, knowing that such acts were a breach, enabled other Defendants to commit a breach by failing to lawfully discharge it own fiduciary duties, knew of the breach by the other Defendants and failed to make any reasonable effort under the circumstances to remedy the breach. Thus, each Defendant is liable for the losses caused by the breach of its co-fiduciary under 29 U.S.C. § 1105(a).

## THIRD CLAIM

### BREACH OF ERISA'S ANTI- INUREMENT PROVISION
### 29 U.S.C. § 1103(c)(1)

53.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

54.    Pursuant to 29 U.S.C. § 1103(c)(1), "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purpose of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan."

55.    The balance in a participant's accounts that a participant forfeits when incurring a break in service prior to full vesting of the Company's contributions to the participant's account is an asset of the Home Depot Plan.

56.     By utilizing these Plan assets as a substitute for the Company's own contributions to the Plan, thereby saving the Company millions of dollars in contribution expenses, Defendants caused the assets of the Plan to inure to the benefit of Home Depot, an employer, in violation of 29 U.S.C. § 1103(c)(1).

57.     Each Defendant is personally liable under 29 U.S.C. § 1109(a) to make good to the Plan any losses to the Plan resulting from violation of ERISA's anti-inurement provision as alleged in this claim and to restore to the Plan all profits secured through their use of Plan assets, and is subject to other equitable or remedial relief as appropriate.

## FOURTH CLAIM

### PROHIBITED TRANSACTIONS
### 29 U.S.C. § 1106(a)(1)

58.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

59.     29 U.S.C. § 1106(a)(1) provides that "[a] fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect … exchange … of any property between the plan and a party in interest … or use by or for the benefit of a party in interest, of any assets of the plan."

60.   Home Depot and the Director are parties in interest, as that term is defined under 29 U.S.C. §1002 (14), because they are Plan fiduciaries and because Home Depot is the employer of Plan participants.

61.   By using forfeited funds in the Plan as a substitute for employer contributions to the Plan, and thereby saving the Company millions of dollars in contribution expenses, Defendants caused the Plan to engage in transactions that constituted a direct or indirect exchange of existing Plan assets for future employer contributions and/or a use of Plan assets by or for the benefit of a party in interest.

62.   As a result of these prohibited transactions, Defendants caused the Plan to suffer losses in the amount of the Plan assets that were substituted for future employer contributions and the lost investment returns on those assets.

63.   Each Defendant is personally liable under 29 U.S.C. § 1109(a) to make good to the Plan any losses to the Plan resulting from the prohibited transactions alleged in this claim, to reverse and/or correct the prohibited transactions, to restore to the Plan all assets and profits obtained through the use of Plan assets and is subject to other equitable or remedial relief as appropriate.

## FIFTH CLAIM

## PROHIBITED TRANSACTIONS
### 29 U.S.C. § 1106(b)(1)

64.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

65.    29 U.S.C. § 1106(b) provides that "[a] fiduciary with respect to a plan shall not," among other things, "deal with the assets of the plan in his own interest or for his own account."

66.    Defendants violated this prohibition in their management and control of forfeiture funds in the Plan. By utilizing these Plan assets as a substitute for employer contributions to the Plan, thereby saving the Company millions of dollars in contribution expenses, Defendants dealt with the assets of the Plan in their own interest and for their own account.

67.    As a result of this prohibited conduct, Defendants caused the Plan to suffer losses in the amount of the Plan assets that were substituted for future employer contributions and the lost investment returns on those assets.

68.    Each Defendant is personally liable under 29 U.S.C. § 1109(a) to make good to the Plan any losses to the Plan resulting from the prohibited conduct alleged in this claim, to restore to the Plan all assets and profits

obtained through the use of Plan assets and is subject to other equitable or remedial relief as appropriate.

## PRAYER FOR RELIEF

For these reasons, Plaintiff, on behalf of the Plan and all similarly situated Plan participants and beneficiaries, respectfully requests that the Court:

a) find and declare that Defendants have breached their fiduciary duties and engaged in prohibited conduct and transactions as described above;

b) find and adjudge that Defendants are personally liable to make good to the Plan all losses to the Plan resulting from each violation of ERISA described above, and to otherwise restore the Plan to the position it would have occupied but for these violations;

c) order the disgorgement of all assets and profits secured by Defendants as a result of each violation of ERISA described above;

d) determine the method by which Plan losses under 29 U.S.C. § 1109 should be calculated;

e) order Defendants to provide all accounting necessary to determine the amounts Defendants must make good to the Plan under 29 U.S.C. § 1109(a);

f) remove the fiduciaries who have breached their fiduciary duties and enjoin them from future ERISA violations;

g) surcharge against Defendants and in favor of the Plan all amounts involved in any transactions which such accounting reveals were improper, excessive and/or in violation of ERISA;

h) certify the class, appoint Plaintiff as a class representative, and appoint Edelson Lechtzin LLP as class counsel;

i)  award to Plaintiff and the class their attorneys' fees and costs under 29 U.S.C. § 1132(g)(1) and the common fund doctrine;

j)  order the payment of interest to the extent it is allowed by law; and

k)  grant other equitable or remedial relief as the Court deems appropriate.

Dated: August 26, 2024

**SKAAR & FEAGLE LLP**

*/s/ Justin T. Holcombe*
Justin T. Holcombe
Georgia Bar No. 552100
133 Mirramont Lake Drive
Woodstock, GA 30189
Tel: (770) 427-5600
Fax: (404) 601-1855
jholcombe@skaarandfeagle.com

**EDELSON LECHTZIN LLP**

ERIC LECHTZIN
*pro hac vice forthcoming*
SHOSHANA SAVETT
*pro hac vice forthcoming*
411 S. State Street, Suite N-300
Newtown, PA 18940
Tel: (215) 867-2399
Fax: (267) 685-0676
elechtzin@edelson-law.com
ssavett@edelson-law.com